

# NUMBER 13-17-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MARIA AREVALOS,** **Appellant,**

**v.**

**RAUL R. ALVAREZ,** **Appellee.**

**On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.**

# ORDER ABATING APPEAL

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Order Per Curiam**

In this cause before the Court, the court reporter, Maria Amador, has failed to timely file the reporter's record. The reporter's record was due to be filed on December 21, 2017. On September 13, 2018, the Court notified Amador that the reporter's record was late and directed her to file the record within ten days. Amador responded to our

letter on October 19, 2018 stating that she would be filing a request for an extension to file the record. However, Amador did not do so. We abated this appeal and remanded to the trial court with instructions for the trial court to conduct a hearing to determine what steps were necessary to ensure the prompt preparation of a reporter's record in this cause. The trial court scheduled a hearing on December 3, 2018. Amador did not appear for this hearing. The trial court determined that it could not proceed and decided to take no action at that time, and we reinstated the cause.

On April 4, 2019, we abated the cause and remanded it to the trial court again stating that the trial court "shall immediately cause notice to be given and conduct a hearing to determine why the reporter's record has not been prepared and filed . . . . [and] further determine what steps are necessary to ensure the prompt preparation of a reporter's record and shall enter any orders required to avoid further delay and to preserve the parties' rights." We stated that "[t]he trial court shall make appropriate findings under Texas Rules of Appellate Procedure 34.6(f) and 35.3, if necessary. *See* Tex. R. App. P. 34.6(f), 35.3." with instructions for the trial court to "prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order."

The trial court held that hearing and concluded that the appellant, Maria Arevalos, filed a pauper's affidavit and that the court reporter had not filed an objection to Arevalos's pauper's affidavit. Thus, Arevalos is not required to pay for the reporter's record as she is indigent. On May 9, 2019, the trial court ordered the court reporter in this case to

prepare and file the reporter's record with our Court by May 24, 2019. The court reporter failed to comply with the trial court's order.

Subsequently, the case was reinstated, and we issued an order on June 10, 2019, stating the following:

> The Court, having fully examined the court reporter's actions, is of the opinion that, in the interest of justice, an order should be entered. The Court looks with disfavor upon the delay caused by the reporter's failure to have heretofore filed the record in this matter.
>
> Reporter, Maria Amador, is hereby ORDERED to file the reporter's record in this Court no later than 5:00 p.m. on June 14, 2019. NO FURTHER REQUESTS FOR EXTENSION OF TIME WILL BE ENTERTAINED BY THE COURT. Failure of the reporter to file the record by the date and time herein set forth shall result in the issuance of an order to show cause.
>
> The Clerk of this Court is ORDERED to serve a copy of this order on Maria Amador by certified mail, return receipt requested.

Amador has not complied with this order.

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See* TEX. R. APP. P. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court.

In accordance with Texas Rule of Appellate Procedure 34.6(f)(4), the trial court is directed to conduct a hearing to determine if: (1) the appellant has timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution;

and (4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. *See* TEX. R. APP. P. 34.6(f).

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.

PER CURIAM

Delivered and filed on
the 29th day of March, 2021.